IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD A. ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. C 10-2939 SI<br><br>**ORDER TRANSFERRING CASE TO DISTRICT OF OREGON** |

Defendant's motion to dismiss the complaint is scheduled for a hearing on September 17, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing.

*Pro se* plaintiff Todd Robertson filed this action challenging a loan that he allegedly received for a property located at 5310 3rd Street, Tillamook, Oregon. Defendant Wells Fargo filed a motion to dismiss the complaint for improper venue and/or for failure to state a claim. Plaintiff's opposition to the motion was due no later than August 27, 2010. Plaintiff did not file an opposition, but has made other filings.[1]

The complaint alleges claims under federal and state law, and thus venue is governed by 28 U.S.C. § 1391(b). That section provides,

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action

---

[1] On August 30, 2010, plaintiff filed a certificate of service.

may otherwise be brought.

28 U.S.C. § 1391(b). Wells Fargo asserts that its main office is in South Dakota, and that it is a citizen of that state. Accordingly, venue is proper in this district only if a "substantial part of property that is the subject of the action is situated" in this district. *Id*. § 1391(b)(2). The property that is the subject of this action is located in Oregon, and thus venue is proper in the District of Oregon.

Pursuant to 28 U.S.C. § 1406(a), the Court has discretion to transfer this case to the District of Oregon rather than dismissing it. Although defendant persuasively argues that the complaint does not state a claim and should be dismissed, in light of plaintiff's *pro se* status the Court will exercise its discretion and TRANSFER this case to the District of Oregon. Defendant may renew its motion to dismiss in the Oregon court.

**IT IS SO ORDERED.**

Dated: September 13, 2010

SUSAN ILLSTON
United States District Judge